**BEYOND PESTICIDES/ NATIONAL COALITION AGAINST THE MISUSE OF PESTICIDES, et al., Plaintiffs,**

v.

**Christine T. WHITMAN, Administrator of United States Environmental Protection Agency, Defendant.**

**No. 02–2419 (RJL).**

United States District Court, District of Columbia.

Jan. 28, 2004.

Paula Naomi Dinerstein, Lobel, Novins & Lamont, Mary K. O'Melveny, Communications Workers of America, Washington, DC, for Plaintiffs.

Angeline Purdy, U.S. Department of Justice, F. James Handley, Handley Environmental Law, Michele L. Walter, United

States Department of Justice, Washington, DC, for Defendant.

## MEMORANDUM OPINION AND ORDER

LEON, District Judge.

Plaintiffs Beyond Pesticides/ National Coalition Against the Misuse of Pesticides, Communications Workers of America, AFL–CIO, Center for Environmental Health, and Joseph and Rosanne Prager allege in their complaint that the Environmental Protection Agency ("EPA") unlawfully failed to suspend and cancel the registrations of three wood preservatives that cause adverse effects in the environment and in humans. Currently before the Court are the defendant's partial motion to dismiss and the plaintiffs' motion to compel production of the administrative record. Upon consideration of the parties' motions, opposition thereto, the entire record and the relevant law, the Court GRANTS the defendant's partial motion to dismiss because of a lack of subject matter jurisdiction and failure to state a claim, leaving only the plaintiff's claim for unreasonable delay which was not addressed in the pleadings. Additionally, the Court DENIES as moot the plaintiff's second motion to compel production of the administrative record.

### I. Background

Plaintiffs' complaint states that they "bring this action to compel agency action unlawfully withheld or unreasonably delayed or both." Compl. ¶ 7. Plaintiffs further request that the Court make various findings of fact and grant various judgments and injunctions regarding EPA's alleged conduct with regard to the three wood preservatives. Compl. ¶¶ 7a–h. Additionally, The plaintiffs filed a motion for a preliminary injunction,[1] which this Court denied due to a lack of jurisdiction under section 16 of the Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA"). 7 U.S.C. § 136n (2003); *Beyond Pesticides/National Coalition Against the Misuse of Pesticides, et al. v. Christine T. Whitman,* 294 F.Supp.2d 1, 8 (D.D.C.2003) [hereinafter *Beyond Pesticides v. Whitman*]. Now before the Court are the defendant's partial motion to dismiss and the plaintiffs' renewed motion to compel production of the administrative record. For the following reasons, the Court grants the defendant's partial motion to dismiss thereby rendering the plaintiffs' second motion to compel moot.

### II. Discussion

The plaintiffs contend that this Court has jurisdiction to hear its claims under FIFRA, the Resource Conservation and Recovery Act ("RCRA") and, as to certain claims, the Administrative Procedure Act ("APA"). With the exception of the unreasonable delay claim under the APA, the Court disagrees.

### A. The Court Lacks Jurisdiction Over Plaintiffs' FIFRA Claims.

■ The Court determined when it ruled on the plaintiff's preliminary injunction motion last June that it did not have

---

1. The plaintiffs also moved for production of documents, or alternatively, for submission of the administrative record. Pls.' Mot. Produc. Docs. at 1. Plaintiffs later filed another motion to compel submission of the administrative record relating to pentachlorophenol in anticipation of the defendant's resistance or failure to produce "some or all of the administrative record." Pls.' Mot. to Compel at 3.

The Court denied both the motion to produce documents and the motion to compel because it found that the administrative record was not necessary to resolve the plaintiffs' motion for preliminary injunction. *Beyond Pesticides v. Whitman,* No. 02–2419 (D.D.C. Jan. 10, 2003) (order denying plaintiffs' motion to compel production of the administrative record).

jurisdiction under FIFRA to hear the plaintiffs' claim. *Beyond Pesticides v. Whitman,* 294 F.Supp.2d 1, 8 (D.D.C. 2003). It did so, in short, because FIFRA limits "judicial review to final agency actions," *Id.* at 7, and there had been neither a final agency action not conduct tantamount to a final agency action (i.e. denial of the plaintiff's petitions) in this case. *Id.* at 7. To date, the Court is still unaware of any "final action" taken since its consideration of this issue last June. *See* Pls.' Opp'n. Def's. Partial Mot. Dismiss ("Pls.' Opp'n."), *see* Def.'s Reply Mem. Supp. Def.'s Partial Mot. Dismiss; *see also Beyond Pesticides v. Whitman,* 294 F.Supp.2d 1, 7 (D.D.C.2003). Indeed, plaintiffs do not even assert that EPA has made a final agency action, or in the alternative, been so inactive as to constitute a final agency action. To the contrary, plaintiffs concede that EPA is engaged in a reregistration proceeding, *see* Pls.' Opp'n. at 10, and that its decision to start the reregistration process, instead of the cancellation proceedings, is "action." Mem. Supp. Def.'s Partial Mot. Dismiss at 14. In short, the defendant has been sufficiently active that there has not yet been a final agency action, and the Court thus continues to believe that it lacks jurisdiction under FIFRA. 7 U.S.C. § 136n (2003).

### B. *The Court Additionally Lacks Jurisdiction Over Plaintiffs' RCRA Claims.*

■ This Court additionally lacks jurisdiction over the claims that plaintiffs bring pursuant to RCRA. 42 U.S.C. §§ 6901–6629k (2003). The plain language of RCRA clearly places exclusive jurisdiction in the Court of Appeals: "a petition for review of action of the Administrator in promulgating any regulation ... or denying any petition ... may be filed only in the United States Court of Appeals for the District of Columbia." 42 U.S.C. § 6976(a)(1) (2003). Indeed, even plaintiffs' claim of unreasonable delay under RCRA would lie exclusively in the Court of Appeals. *See Telecommunications Research and Action Center v. Federal Communications Commission,* 750 F.2d 70 (D.C.Cir.1984).

### C. *Plaintiffs Fail to State a Claim Upon Which Relief May be Granted Under the APA*

The APA requires that the plaintiffs challenge "some particular 'agency action' that causes [them] harm.." *Lujan v. National Wildlife Federation,* 497 U.S. 871, 892, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990). The plaintiffs, however, merely allege general grievances about the EPA's choices in registrations of the wood pesticides. *See* Compl. ¶¶ 7a-f; *see also Lujan,* 497 U.S. at 892, 110 S.Ct. 3177 (holding that plaintiffs could not bring claims that did not allege "some concrete action...that harms or threatens to harm [the claimant]."). In fact, the plaintiffs fail to establish that they seek anything more than a "'wholesale correction' of EPA's approach to the wood preservative pesticides." Mem. Supp. Def.'s Partial Mot. Dismiss at 16.

■ Moreover, while the plaintiffs could bring a general cause of action if they were "adversely affected or aggrieved by agency action within the meaning of a relevant statute," 5 U.S.C. § 702 (2003), they may not do so where the relevant statute "precludes judicial review." 5 U.S.C. § 701(a)(1) (2003); *Block v. Community Nutrition Institute,* 467 U.S. 340, 345, 104 S.Ct. 2450, 81 L.Ed.2d 270 (1984). In this case the two potentially relevant statutes, FIFRA and RCRA, effectively preclude judicial review because the former requires final agency action and the

latter places exclusive jurisdiction in the Court of Appeals. Accordingly, even if the plaintiffs could prove that they had been adversely affected or aggrieved to date, the Court would still have to grant the defendant's motion to dismiss the plaintiffs' claims under the APA for the reasons set forth in the preceding discussion regarding FIFRA and RCRA.

## III. Order

For the above-stated reasons, it is on this 28th day of January 2004, hereby

**ORDERED** that defendant's partial motion to dismiss [# 28] is **GRANTED**;

**ORDERED** that plaintiffs' second motion to compel production of the administrative record [# 32] is **DENIED** as moot;

**SO ORDERED.**