**BEYOND PESTICIDES/NATIONAL COALITION AGAINST THE MISUSE OF PESTICIDES, et al., Plaintiffs,**

v.

**Stephen L. JOHNSON, Acting Administrator of United States Environmental Protection Agency, Defendant.**

**No. Civ. 02–2419(RJL).**

United States District Court, District of Columbia.

March 21, 2005.

Paula Naomi Dinerstein, Lobel, Novins & Lamont, Mary K. O'Melveny, Washington, DC, for Plaintiffs.

Angeline Purdy, U.S. Department of Justice, Environmental Defense Section, F. James Handley, Handley Environmental Law, Michele L. Walter, United States Department of Justice, Washington, DC, for Defendant.

### *MEMORANDUM OPINION AND ORDER*

LEON, District Judge.

Before the Court are the parties' cross motions for summary judgment seeking a ruling as to whether the Environmental Protection Agency ("EPA") has unreasonably delayed the suspension or cancellation

of three wood preservative pesticides as requested in petitions filed by the plaintiffs, Beyond Pesticides/National Coalition Against the Misuse of Pesticides, *et al.* ("Beyond Pesticides").[1] The only issue before the Court on summary judgment is whether the EPA's delay in responding to Beyond Pesticides' petitions is so egregious as to warrant equitable relief. Applying the factors set forth by our Circuit Court in *Telecommunications Research & Action Ctr. v. FCC,* 750 F.2d 70, 79–80 (D.C.Cir.1984) (*"TRAC* factors"), this Court finds that this is not an appropriate action for equitable relief and the defendant's motion for summary judgment is GRANTED.

## *ANALYSIS*

Summary judgment is appropriate when the pleadings and the record demonstrate that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). In determining whether a genuine issue of material fact is in dispute, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

Although judicial review of agency action is typically reserved for *final* agency actions, 5 U.S.C. § 704, the Administrative Procedures Act ("APA") authorizes the Court to review agency action where a plaintiff alleges that the government has either unlawfully withheld or unreasonably

delayed action. 5 U.S.C. § 706(1); *see also Cobell v. Norton,* 240 F.3d 1081, 1095 (D.C.Cir.2001). In its complaint, Beyond Pesticides alleges that because of EPA's failure "over two decades to address issues raised in its [Rebuttable Presumption Against Registration review] of 1978 ..., EPA has either unreasonably delayed or constructively denied Beyond Pesticides' June 2, 1997, December 21, 1999, July 21, 2000, April 19, 2001, December 21, 2001, February 26, 2002, and July 25, 2002 petitions" seeking, among other things, the cancellation and suspension of all uses of the wood preservative pesticides. Compl. ¶ 63. Accordingly, this Court must determine whether EPA has violated the APA by unlawfully withholding or unreasonably delaying agency action. For the following reasons, the Court concludes EPA did neither.

The Court must first "ascertain the length of time that has elapsed since the agency came under a duty to act." *Cutler v. Hayes,* 818 F.2d 879, 897 (D.C.Cir.1987). Since a court is only able to compel an agency to take action that is legally required, *Norton v. S. Utah Wilderness Alliance,* 542 U.S. 55, 124 S.Ct. 2373, 2379, 159 L.Ed.2d 137 (2004), this Court must analyze the delay by EPA from the point where the agency first became obligated to act. Although the plaintiff argues that the delay should be measured from either 1993, when steel producers submitted information to EPA regarding the viability of alternatives to the wood preservative pesticides, or from 1997, when it made its first request for regulatory action, Pl.

---

1. On June 20, 2003, the Court denied the plaintiffs' motion for a preliminary injunction seeking a finding that the EPA had made sufficient findings to justify the immediate suspension and cancellation of the pentachlorophelnol ("penta") registration because the lack of a final action by the EPA deprived the Court of jurisdiction under FIFRA. *Beyond*

*Pesticides v. Whitman,* 294 F.Supp.2d 1 (D.D.C.2003). And, on January 28, 2004, the Court granted EPA's partial motion to dismiss, "leaving only the plaintiff's claim for unreasonable delay," which was not raised by the EPA in its motion. *Beyond Pesticides v. Whitman,* 360 F.Supp.2d 69, 70 (D.D.C.2004).

Memo at 6 & n. 7, Beyond Pesticides did not make formal requests to cancel and suspend the wood preservative pesticides registrations until late 2001 and early 2002. Thus, since EPA did not became obligated to respond to Beyond Pesticides until the formal petitions were filed, the Court will consider whether EPA has unreasonably delayed agency action related to Beyond Pesticides' petitions since December 2001.

The D.C. Circuit first outlined the so-called *TRAC* factors in 1984 to provide guidance to courts assessing whether agency action was unreasonably delayed. Those factors are:

> (1) the time agencies take to make decisions must be governed by a "rule of reason"; (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason; (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake; (4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority; (5) the court should also take into account the nature and extent of the interests prejudiced by delay; and (6) the court need not "find any impropriety lurking behind agency lassitude in order to hold that agency action is 'unreasonably delayed.' "

*Telecommunications Research & Action Ctr.*, 750 F.2d at 79–80 (internal citations omitted).

■ The first two *TRAC* factors can be considered simultaneously because the reasonableness of any delay must take into consideration any congressional expectations or mandates regarding the speed at which a proceeding should advance. *In re*

*Monroe Communications Corp.*, 840 F.2d 942, 945 (D.C.Cir.1988); *Cutler*, 818 F.2d at 897 (finding that "[t]he reasonableness of the delay must be judged 'in the context of the statute' which authorizes the agency's action") (citation omitted). Indeed, absent a statutory timetable in the enabling statute, an agency is entitled to considerable deference in how expeditiously it proceeds with agency action. *Sierra Club v. Thomas*, 828 F.2d 783, 797 (D.C.Cir.1987). In this case, although EPA is not bound by a statutory mandate to answer Beyond Pesticides' petitions in a particular time frame, EPA has recognized that it must answer the petitions and has notified Beyond Pesticides that it will either grant or deny the petitions when it completes the reregistration process, Def. Memo. at 26, thereby satisfying these factors.

■ The third, fourth and fifth *TRAC* factors relate to the agency's prioritization of the agency action requested. Specifically, the third factor demonstrates that delays affecting human health and welfare are less tolerable than delays affecting economic interests. *Sierra Club*, 828 F.2d at 798. Our Circuit Court, however, has found that the third "factor alone can hardly be considered dispositive when . . . virtually the entire [EPA] docket . . . involves issues of this type." *Id.* (discussing the competing interests at the EPA and finding that "[g]iven that Congress provides EPA with finite resources to satisfy these various responsibilities, the agency cannot avoid setting priorities among them"). As to the fourth and fifth factors, an agency is in the best "position to view its projects as a whole, estimate the prospects for each, and allocate its resources in the optimal way." *In re Barr Labs., Inc.*, 930 F.2d 72, 76 (D.C.Cir.1991). In fact, our Circuit Court has held that the impact of the delay is irrelevant where "putting

[the plaintiff] at the head of the queue simply moves all others back one space and produces no net gain." *Id.* at 75. In this case, the reregistration process outlined in the 1988 amendments to FIFRA required EPA to review 612 cases. Def. Stmt. Facts ¶ 3. Since that time, EPA has completed at least 229 Reregistration Eligibility Decisions ("REDs") and has begun to process an additional 152 REDs. *Id.* Moreover, Congress *mandated* that EPA prioritize the reregistration of active ingredients of pesticides used on or in food or feed that may result in postharvest residues and required that the determination regarding these pesticides' eligibility for reregistration be determined by August 3, 2006. Def. Stmt. Facts ¶ 5. Congress also required that the determination for all other pesticides undergoing reregistration, including the wood preservative pesticides, be completed by October 3, 2008. Def. Stmt. Facts ¶ 5. This Court is satisfied that EPA is prioritizing its duties in a reasonable manner as it works towards this statutory deadline.

Finally, the sixth *TRAC* factor allows the Court to weigh any alleged impropriety against the other factors in the test. Although the Court need not find that an impropriety existed in order to determine that the delay was unreasonable, "[w]here the agency has manifested bad faith . . ., the agency will have a hard time claiming legitimacy for its priorities." *In re Barr Labs.*, 930 F.2d at 76. Here, however, the Court is not convinced that Beyond Pesticides has overcome "the well established presumption that public officials . . . act in good faith and are conscientiously proper in the discharge of their duties." *Bayshore Res. Co. v. U.S.*, 2 Cl.Ct. 625, 632 n. 4 (1983).

Thus, in weighing the six factors outlined by our Circuit Court, this Court is satisfied that the delay in responding to Beyond Pesticides' petitions is reasonable and justified because Congress established the priority in which EPA should evaluate the eligibility for reregistration of registered pesticides and EPA does not appear to be either "singling [Beyond Pesticides] out for bad treatment or asserting utter indifference to a congressional deadline." *In re Barr Labs.*, 930 F.2d at 76. Accordingly, notwithstanding EPA's slow, but deliberate, pace during the reregistration process, its delay is not unreasonable and judicial intervention is not justified.

### *ORDER*

For the reasons set forth above, it is this *21st* day of March, 2005 hereby

**ORDERED** that the Plaintiffs' Motion for Summary Judgment [# 43] is **DENIED**, and it is further

**ORDERED** that the EPA's Motion for Summary Judgment [# 44] is **GRANTED**.

**SO ORDERED.**